IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK ALLEN WILSON,

        Petitioner,

v.                                     Civil Action No. 3:12cv57
                                     (Judge Groh)

DAVID BALLARD, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

This case was initiated on June 18, 2012, by the filing of petitioner's letter to the Clerk of Court, construed as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. On June 19, 2012, the Clerk of Court sent petitioner a deficiency notice, directing him to file his petition on a court-approved form, pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP"), along with a copy of his Prisoner Trust Account and its Ledger Sheets within twenty-one days. On July 27, 2012, despite having been provided with the proper form, petitioner filed his petition on an unapproved form, his IFP application, a copy of his Prisoner Trust Account Report and Ledger Sheets, and paid the filing fee. Because the petitioner had still not corrected his deficient pleadings, a Show Cause Order was issued, again directing him to file his complaint on a court-approved form. On August 9, 2012, the petitioner filed his court-approved form petition, along with a motion requesting leave to file excess pages and to amend his petition, by adding seventeen more claims. By Order entered August 15, 2012, the respondent was directed to answer the petition. By separate Order entered the same day, petitioner's motion for leave to file excess pages and to file an amended petition was granted. On September 6, 2012, the respondent filed a motion to reset the briefing schedule and clarification of conflicting orders. On September 12, 2012, petitioner filed motions

to appoint counsel, conduct discovery, and for an extension of time. By Order entered September 14, 2012, the respondent's motion to reset the briefing schedule was granted. That same day, petitioner filed his amended petition, adding only seven, not seventeen additional claims for relief. By separate Orders entered September 17, 2012, petitioner's motion for appointed counsel and to conduct discovery were denied. Petitioner's motion for an extension of time was denied as moot. On November 19, 2012, the respondent filed a motion to dismiss with a memorandum in support. A <u>Roseboro</u> Notice was issue to the petitioner on November 26, 2012. On November 29, 2012, petitioner filed a response to respondent's motion to dismiss, and on December 3, 2012, respondent filed a reply to petitioner's response to its motion to dismiss.

Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

## I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

A review of the exhibits attached to the respondent's motion to dismiss reveals that the petitioner was indicted by a Grand Jury of the Circuit Court of Marion County on four counts of Third Degree Sexual Assault, in violation of West Virginia Code § 61-8B-5(a)(2) and four counts of Sexual Abuse by a Custodian, in violation of West Virginia Code § 61-8D-5(a). On March 16, 2006, following a two-day jury trial, petitioner was found guilty of all charges. By Order entered September 26, 2006, petitioner was sentenced to not less than one nor more than five years on each count of 3rd Degree Sexual Assault, and not less than ten nor more than twenty years on each count of Sexual Abuse by a Parent, Guardian, Custodian or Person in a Position of Trust to a Child, for a total term of imprisonment of not less than 14 nor more than 40 years. On

October 16, 2006, an amended sentencing order was entered, clarifying the original sentencing order.

**B. <u>Direct Appeal</u>**

On March 21, 2007, petitioner, through counsel, filed a direct appeal to the West Virginia Supreme Court of Appeals ("WVSCA"). In the appeal, the petitioner asserted the following assignments of error:

1) whether the trial court erred when it ruled that petitioner's confession was freely, intelligently and voluntarily given;

2) whether the trial court abused its discretion when it ruled that evidence of petitioner's dismissal from a related abuse and neglect proceeding was inadmissible; and

3) whether the trial court abused its discretion when it allowed the state to question petitioner's expert witness regarding the determination of his competency.

(Dkt.# 39-2 at 23).

The WVSCA refused the petition on September 20, 2007. (Dkt.# 39-2 at 2).

**C. <u>Petitioner's First State Habeas Petition</u>**

On December 23, 2008, petitioner, through counsel, filed a petition for writ of habeas corpus with the Circuit Court of Marion County. In it, petitioner asserts he raised the following grounds for relief: "the sixteen issues allege violations of the 5th, 6th, 8th and 14th Amendments to the U.S. Constitution, including violations of petitioner's right to effective assistance of counsel, protection against double jeopardy, and the due process of law." (Dkt.# 11 at 4).

As of the date of this Report and Recommendation, petitioner's state habeas petition is still pending in the Marion County Circuit Court. (Dkt.# 39-3 at 3).

**D. <u>Second State Habeas Petition</u>**

On June 15, 2011, pursuant to the WVSCA's original jurisdiction over habeas corpus proceedings, despite being represented by counsel and already having the pending habeas proceeding in Marion County Circuit Court, petitioner filed a *pro se* petition for writ of habeas corpus with the WVSCA, raising the following four grounds:

1) "Was the petitioner denied the right to a valid Grand Jury Indictment, created by the state's abuse of discretion by the failure to evidence sufficient witnesses [sic] to permit the Grand Jury to properly investigate, first hand [sic] and test the evidence as duty bound in derogation of the state and federal constitutions?

2) "Was petitioner denied the right to trial by valid indictment charges, <u>Counts I, III, V and VII</u> [sic] where [sic] the state failed to charge every material element of the offense in the charging instrument in derogation of the state and federal constitutions?"

3) Did the Circuit Court 'abuse its discretion' by permitting expansive, different and altered elemental definitions in the Indictment and in the Instructions in Counts II, IV, VI and VII denying [sic] a fair trial with reliable results in derogation of State and Federal Constitutions [sic] then compounded by the 'prejudicial spillover' effect from Count I, III, V and VII [sic] mandating reversal?

4) Was petitioner denied the right to a fair trial in direct violation of State and Federal Constitutions by the cumulative effect of numerous errors which manifested to create an insurmountable barrier to a fair trial as guaranteed by the Constitution [sic] mandating reversal?"[6]

The WVSCA refused the petition on January 12, 2012. (Dkt.# 39-4 at 2).

### E. **Petitioner's Federal Habeas Petition (Dkt.# 11)**

On June 18, 2012, the petitioner filed the instant federal habeas petition. In the petition, he asserts that he is "apprehensive" about the approach of the one-year statute of limitations, and raises the following grounds for relief:

1) Counsel was ineffective in eleven different ways, thus depriving petitioner of his First, Fifth, Sixth and Fourteenth Amendment rights to meaningful and effective assistance of counsel;

---

[6] Dkt.# 39-4 at 4.

4

2) Petitioner's constitutional right against self-incrimination was violated when the trial court admitted his confession;

3) Petitioner was denied his right to a fair, impartial jury trial when the prosecuting attorney failed to establish that the minor victim was in petitioner's care, custody and control when the violations of W.Va. Code §61-8D-5(a) were committed;

4) consecutive sentences violate the 5th and 8th Amendments to the Constitution;

5) the trial court excluded exculpatory material from petitioner's dismissal from a related child abuse and neglect proceeding, in violation of his 6th & 14th Amendment rights;

6) Appellate counsel was ineffective for failing to raise as grounds for appeal the defective indictment; the court's constructive amendment of the indictment; and the protection from double the jeopardy claim arising out of the lack of specificity of the charges;

7) Petitioner's 5th, 6th, and 14th Amendment due process and equal protection rights were violated by various failures on the part of the trial court, occurring between trial and sentencing; and

8) the Indictment was defective, because it did not include a material element of the crime of Sexual Assault in the 3rd Degree, i.e., that the minor victim was less than sixteen years of age.

As relief, the petitioner seeks appointed counsel, an evidentiary hearing, and to have his convictions and sentences be vacated. Further, he requests that the Court make a finding that the state court's decision to affirm his convictions was an unreasonable application of clearly established federal law. Finally, he requests that the Court hold his case in abeyance while he pursues his unexhausted claims in state court.

## F. Amended Federal Habeas Petition (Dkt.# 25)

In his amended petition, petitioner raises seven new claims, instead of the seventeen claims he indicated he was seeking leave to raise, in his motion to amend.

9) Petitioner was denied his Sixth and Fourteenth Amendment rights to confront his accuser when, at trial, the court prevented counsel from impeaching the child victim with her prior inconsistent statements;

5

10) Petitioner was denied a fair trial based on the cumulative effect of numerous errors made;

11) Petitioner's due process rights were violated when the court permitted the jury to consider the four counts of sexual abuse by a custodian as stated in Counts Two, Four, Six and Eight of the Indictment, because they were based on insufficient evidence;

12) the trial court committed reversible error when it permitted prosecutorial misconduct to occur, violating Petitioner's due process rights to a fair trial;

13) Petitioner's due process rights were violated when the trial court imposed multiple punishments for the same criminal act, violating the prohibition against double jeopardy;

14) Petitioner's due process rights were violated when the trial court permitted the prosecuting attorney to question petitioner's psychological expert as to his determination of petitioner's competency;

15) Petitioner's due process rights were violated when the prosecuting attorney secured the indictment without presenting to the Grand Jury direct testimony from the juvenile victim and other witnesses with direct knowledge of the acts charged; and

16) the trial court's denial of petitioner's motion for a judgment of acquittal notwithstanding the jury verdict violated his Eighth and Fourteenth Amendment rights.

**Respondent's Motion to Dismiss Petition (Dkt.# 40)**

Attached to the respondent's motion to dismiss are copies of petitioner's criminal docket (Dkt.# 39-1); original and amended sentencing orders (Dkt.# 39-2 at 25 and Dkt.# 39-2 at 29); appellate brief, docketing statement, and the WVSCA Order refusing the appeal (Dkt.# 39-2); the docket for his pending Marion County Circuit Court state habeas proceeding (Dkt.# 39-1); and a copy of the WVSCA habeas petition with the Order refusing it (Dkt.# 39-4 at 2 and 3). Respondent asserts that petitioner "has alleged 24 grounds for relief along with a stay and abeyance[,] [but that] [g]iven the procedural posture of this case, and the unusually large number of grounds for relief, there is no need to list each individually." (Dkt.# 40 at 5). Respondent asserts that because petitioner's habeas corpus petition is still pending in state court, none of petitioner's claims are exhausted and his petition should be dismissed. Alternatively, respondent

6

concedes that the three claims petitioner raised on direct appeal are exhausted, and thus petitioner has raised a mixed petition that must be dismissed without prejudice. Finally, respondent contends that petitioner's request for a stay and abeyance is premature, because the statute of limitations for timely filing his habeas petition in federal court is tolled while his habeas corpus petition is pending in state court.

**Petitioner's Reply (Dkt.# 42)**

Petitioner reiterates his arguments and attempts to refute the respondent's on the same. He asserts that "[f]our of the twenty-five grounds advanced in the current federal habeas corpus petition are exhausted as they were included in the direct petition for appeal[.]" (Dkt.# 42 at 3). He contends that exhaustion may be excused if there is an absence of available state corrective processes, and because of the inordinate delay in his pending state habeas case, exhaustion should be excused here. He asserts that he has raised twenty-five claims in the present petition, lists them, and reiterates his request for Stay and Abeyance.

## II. Standard of Review

**Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### III. Analysis

#### A. Exhaustion of State Court Remedies

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State...

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

"The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971). The "exhaustion" doctrine requires a federal habeas petitioner to have presented all federal claims –

*in federal terms* – to the highest state court prior to presenting them for federal habeas review. Id. at 275. This requirement ensures the State is given the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Id. To exhaust a claim in state court, the petitioner must "expressly raise [] that same federal constitutional claim in state court that he raises in federal court." Diaz v. Weisner, 2006 U.S. Dist. LEXIS 56583, at *31 (W.D.N.C. Aug. 1, 2006). "It is not enough that all the facts necessary to support the federal claim were before the state court or that a somewhat similar state-claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982)(citations omitted).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code §53-4A-1, followed by filing a petition for appeal from an adverse ruling in the WVSCA. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the WVSCA. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Here, petitioner filed a direct appeal, raising three issues. Petitioner's appeal was refused by the WVSCA. Those three claims, therefore, would have been exhausted, but petitioner has failed to re-raise the same claims in his federal habeas petition; instead, he has re-worded them to create constitutional claims. To exhaust a claim in state court, the petitioner must

"expressly raise [] that same federal constitutional claim in state court that he raises in federal court." Diaz v. Weisner, *supra* at *31. "It is not enough that all the facts necessary to support the federal claim were before the state court or that a somewhat similar state-claim was made." Anderson v. Harless, *supra* at 6. Therefore, because petitioner has not raised the same claims in his federal habeas petition that he raised on direct appeal, the claims raised in his direct appeal are not exhausted.

Petitioner did file a state petition for writ of habeas corpus. A copy of that petition is not before the Court, and so its claims cannot be determined with certainty. However, it is apparent from the petitioner's own pleadings, and from a review of the docket of that state habeas proceeding, provided by the respondent, that the petition is still pending before the Circuit Court of Marion County. Because the State court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights, and those claims, whatever they may be, have not been exhausted.

On June 15, 2011, petitioner filed his second petition for habeas corpus relief directly with the WVSCA, possibly raising the some of the same issues presented in his first §2254 petition. (Dkt.# 39-4). On January 12, 2012, the WVSCA issued an Order refusing the petition. (Dkt.# 39-4 at 2).

Rule 14 of the West Virginia Rules of Appellate Procedure covers "original jurisdiction," including petitions for habeas corpus. Rule 14(b) covers rules to show cause and provides in pertinent part as follows:

> If the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower

court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice.

The January 12, 2102 Order issued by the West Virginia Supreme Court of Appeals states simply "[u]pon consideration whereof, the Court is of opinion [sic] that a rule should not be awarded, and the writ prayed for by the petitioner is hereby refused." (Dkt.# 39-4 at 2). Because the claims were raised in an original jurisdiction petition to the WVSCA, and were not denied with prejudice, they are not exhausted and the petitioner may pursue further relief before an appropriate West Virginia Circuit Court, and as a consequence, his petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

Therefore, the undersigned finds that none of the petitioner's claims are exhausted, as he still has a remedy available for them in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.

Because none of the petitioner's claims are exhausted, he has not presented a mixed petition, and therefore there is no need for a stay and abeyance.

### IV. Recommendation

For the reasons stated above, it is recommended that the respondent's Motion to Dismiss petitioner's §2254 petition (Dkt.# 39) be **GRANTED,** and petitioner's §2254 petition **be DENIED and DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, or by **February 11, 2013**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States

District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address, as reflected on the docket, and to counsel of record electronically, as applicable.

DATED: January 28, 2013

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE