IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARK ALLEN WILSON,**

    Petitioner,

v.                                                              CIVIL ACTION NO. 3:12-CV-57
                                                              (JUDGE GROH)

**DAVID BALLARD,**

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order, entered on March 24, 2000, this action was referred to Judge Seibert for submission of a proposed report and recommendation ("R&R"). Judge Seibert filed his R&R [Doc.45] on January 28, 2013. In that filing, he recommends that this Court deny and dismiss without prejudice Petitioner's § 2254 petition and grant Respondent's Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that Petitioner accepted service on January 31, 2013. Petitioner timely filed his objections on February 6, 2013. Accordingly, this Court will undertake a *de novo* review of those portions of Judge Seibert's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

### A. Factual Background

On or about June 7, 2005, Petitioner was indicted by a Grand Jury of the Circuit Court of Marion County on four counts of Third Degree Sexual Assault, in violation of West Virginia Code § 61-8B-5(a)(2) and four counts of Sexual Abuse by a Custodian, in violation of West Virginia Code § 61-8D-5(a). On March 16, 2006, after a two-day jury trial, Petitioner was found guilty of all charges. On September 26, 2006, the Circuit Court of Marion County entered an Order sentencing Petitioner to not less than one nor more than five years on each count of Third Degree Sexual Assault, and not less than ten nor more than twenty years on each count of Sexual Abuse by a Parent, Guardian, Custodian or Person in a Position of Trust to a Child, for a total term of imprisonment of not less than

fourteen nor more than forty years. On October 16, 2006, the Circuit Court entered an amended sentencing Order, clarifying its original sentencing Order.

On March 21, 2008, Petitioner, through counsel, filed an appeal to the West Virginia Supreme Court. In the appeal, Petitioner asserted the following three assignments of error:

(1) The trial court erred when it ruled that the [Petitioner's] "confession" was freely, intelligently and voluntarily given;

(2) The trial court abused its discretion when it ruled that evidence of the [Petitioner's] dismissal from a related abuse and neglect proceeding was inadmissible;

(3) The trial court abused its discretion when it allowed the state to question the Defendant's expert witness regarding his determination of the [Petitioner's] competency.

On September 20, 2007, the West Virginia Supreme Court refused the petition.

On December 23, 2008, Petitioner, through counsel, filed a petition for writ of habeas corpus with the Circuit Court of Marion County. In it, Petitioner asserts he raised the following grounds for relief: "the sixteen issues allege violations of the 5th, 6th, 8th, and 14th Amendments to the U.S. Constitution, including violations of Petitioner's right to effective assistance of counsel, protection against double jeopardy, and the due process of law." Petitioner's state habeas petition is still pending in the Marion County Circuit Court.

On June 15, 2011, Petitioner, acting *pro se*, filed a second petition for writ of habeas corpus with the West Virginia Supreme Court, raising the following four grounds for relief:

(1) "Was the petitioner denied the right to a valid Grand Jury Indictment, created by the state's abuse of discretion by the failure to evidence sufficient witnesses [sic] to permit the Grand Jury to properly investigate, first hand [sic] and test the evidence as duty bound in derogation of the state and federal constitutions?"

3

(2) ""Was Petitioner denied the right to trial by valid indictment charges, <u>Counts I, III, V, and VII</u> [sic] where [sic] the state failed to charge every material element of the offense in the charging instrument in derogation of the state and federal constitutions?"

(3) "Did the Circuit Court 'abuse its discretion' by permitting expansive, different and altered elemental definitions in the Indictment and in the Instructions in Counts II, IV, VI and VII denying [sic] a fair trial with reliable results in derogation of State and Federal Constitutions [sic] then compounded by the 'prejudicial spillover' effect from Count I, III, V and VII [sic] mandating reversal?"

(4) "Was petitioner denied the right to a fair trial in direct violation of State and Federal Constitutions by the cumulative effect of numerous errors which manifested to create an insurmountable barrier to fair trial as guaranteed by the Constitution [sic] mandating reversal?"

The West Virginia Supreme Court refused the petition on January 12, 2012.

On June 18, 2012, Petitioner commenced this action. In his petition, he raises the following eight grounds for relief:

(1) Counsel was ineffective in eleven different ways, thus depriving Petitioner of his First, Fifth, Sixth, and Fourteenth Amendment Rights to meaningful and effective assistance of counsel;

(2) Petitioner's constitutional right against self-incrimination was violated when the trial court admitted his confession;

(3) Petitioner was denied his right to a fair, impartial jury trial when the prosecuting attorney failed to establish that the minor victim was in Petitioner's care, custody and control when the violations of W. Va. Code § 61-8D-5(a) were committed;

(4) Petitioner's consecutive sentences violate the Fifth and Eighth Amendments to the Constitution;

5) The trial court excluded exculpatory material from Petitioner's dismissal from a related child abuse and neglect proceeding, in violation of his Sixth and Fourteenth Amendment rights;

4

(6) Appellate counsel was ineffective for failing to raise as grounds for appeal the defective indictment; the court's constructive amendment of the indictment; and the protection from double the jeopardy claim arising out of the lack of specificity of the charges;

(7) Petitioner's Fifth, Sixth, and Fourteenth Amendment due process and equal protection rights were violated by various failures on the part of the trial court, occurring between trial and sentencing; and

(8) The Indictment was defective, because it did not include a material element of the crime of Sexual Assault in the Third Degree, i.e., that the minor victim was less than sixteen years of age.

In his petition filed with this Court, Petitioner seeks appointed counsel, an evidentiary hearing, and to have his convictions and sentences be vacated. He also requests the Court to make a finding that the state court's decision to affirm his convictions was an unreasonable application of clearly established federal law. Last, he requests that the Court hold his case in abeyance while he pursues his unexhausted claims in state court.

Petitioner also filed an amended petition that raised seven new claims. The seven claims are:

(9) Petitioner was denied his Sixth and Fourteenth Amendment rights to confront his accuser when, at trial, the court prevented counsel from impeaching the child victim with her prior inconsistent statements;

(10) Petitioner was denied a fair trial based on the cumulative effect of numerous errors made;

(11) Petitioner's due process rights were violated when the court permitted the jury to consider the four counts of sexual abuse by a custodian as stated in Counts Two, Four, Six and Eight of the Indictment, because they were based on insufficient evidence;

(12) Petitioner's due process rights to a fair trial were violated when the trial court committed reversible errors by permitting prosecutorial misconduct to occur;

(13) Petitioner's due process rights were violated when the trial court imposed multiple punishments for the same criminal act, violating the prohibition against double jeopardy;

(14) Petitioner's due process rights were violated when the trial court permitted the prosecuting attorney to question Petitioner's psychological expert as to his determination of Petitioner's competency;

(15) Petitioner's due process rights were violated when the prosecuting attorney secured the Indictment without presenting to the Grand Jury direct testimony from the juvenile victim and other witnesses with direct knowledge of the acts charged; and

(16) Petitioner's Eighth and Fourteenth Amendment rights were violated by the trial court's denial of Petitioner's motion for a judgment of acquittal notwithstanding the jury verdict.

### B. Procedural History

On June 18, 2012, Petitioner filed a letter to the Clerk of Court, construed as a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. On June 19, 2012, the Clerk of Court sent Petitioner a deficiency notice directing him to file his petition on a court-approved form and to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP") along with a copy of his Prisoner Trust Account and its Ledger Sheets within twenty-one days.

On July 27, 2012, Petitioner filed his petition on an unapproved form, even though he was provided with the proper form. Petitioner also filed his IFP application, a copy of his Prisoner Trust Account Report and Ledger Sheets, and paid the filing fee. On July 27, 2012, Judge Seibert issued a Show Cause Order directing Petitioner to file his complaint on a court-approved form.

On August 9, 2012, Petitioner filed his court-approved petition, along with a motion

requesting leave to file excess pages and to amend his petition, by adding seventeen more claims. On August 15, 2012, Respondent was directed to answer the petition. On the same date, a separate Order granted Petitioner's motion for leave to file excess pages and to file an amended petition. On September 6, 2012, Respondent filed a motion to reset the briefing schedule. On September 12, 2012, Petitioner filed motions to appoint counsel, conduct discovery, and for an extension of time. On September 14, 2012, Judge Seibert issued an Order granting Respondent's motion to reset the briefing schedule. Also on September 14, Petitioner filed an amended petition stating seven additional claims for relief. On September 17, 2012, Judge Seibert denied Petitioner's motion to appoint counsel and to conduct discovery. Petitioner's motion for an extension of time was also denied as moot.

On November 19, 2012, Respondent filed a motion to dismiss with a memorandum in support. Respondent argues that because Petitioner's habeas corpus petition is still pending in state court, none of Petitioner's claims are exhausted and his petition should be dismissed. Alternatively, Respondent contends that if the Court determines that the three claims Petitioner raised on direct appeal to the West Virginia Supreme Court are exhausted, then Petitioner has raised a mixed petition that must be dismissed without prejudice. Last, Respondent asserts that Petitioner's request for a stay and abeyance is premature because the statute of limitations for timely filing his habeas petition in federal court is tolled while his habeas petition is pending in state court.

On November 26, 2012, Judge Seibert issued a *Roseboro* notice to Petitioner. On November 29, 2012, Petitioner filed his Response to Respondent's Motion to Dismiss. On December 3, 2012, Respondent filed a Reply to Petitioner's Response to its Motion to

7

Dismiss.

On January 28, 2013, Judge Seibert issued a Report and Recommendation granting Respondent's Motion to Dismiss Petitioner's § 2254 petition and denying and dismissing without prejudice Petitioner's § 2254 petition. Judge Seibert found that Petitioner had not exhausted his claims and that he still has a remedy available for them in State court. Additionally, Judge Seibert found there was no need for a stay and abeyance because none of Petitioner's claims were exhausted and he did not present a mixed petition.

### III. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions

or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." **Ashcroft v. Iqbal**, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

### IV. Discussion

#### A. Exhaustion of State Court Remedies

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

**28 U.S.C. §§ 2254(b)(1)(A), (c)**. The petitioner bears the burden of proving exhaustion. See **Breard v. Pruett**, 133 F.3d 615, 619 (4th Cir. 1998), *cert. denied* 523 U.S. 371 (1998); **Matthews v. Evatt**, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. **McDaniel v. Holland**, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (citing **Preiser v. Rodriguez**, 411 U.S. 475, 477, 93 S. Ct. 1827, 1830 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West

Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the West Virginia Supreme Court of Appeals. *See* **Forney v. Ballard**, 2012 WL 42351 (N.D.W. Va. Jan. 9, 2012); **Moore v. Kirby**, 879 F. Supp. 592, 593 (S.D.W. Va. 1995). A prisoner may also exhaust state court remedies by filing a petition for a writ of habeas corpus filed under the West Virginia Supreme Court's original jurisdiction. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See* **W. VA. R. APP. P. 16**.

Petitioner specifically objected to Judge Seibert's finding of total non-exhaustion in his Report and Recommendation. Petitioner argues that the four assignments of error in the direct appeal to the West Virginia Supreme Court are exhausted. He states that the federal claims were fairly presented to the West Virginia Supreme Court of Appeals, so they are exhausted. Petitioner also asserts that his counsel in the appeal to the West Virginia Supreme Court, Mr. Tipton, "alerted the State Supreme Court to federal constitutional issues and the clearly established federal law when the admissibility of a defendant's confession is in dispute."

A federal court may only consider those issues the petitioner presented to the state court. **Picard v. Connor**, 404 U.S. 270, 92 S. Ct. 509 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "The exhaustion-of-state-remedies doctrine . . . reflects a policy of federal-state comity . . . . 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Id.* (internal

citations omitted).  Petitioner must "present the state courts with the same claim he urges upon the federal courts."  *Id.*  "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."  **Anderson v. Harless**, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982) (citations omitted).

In Petitioner's first appeal to the West Virginia Supreme Court, his counsel noted three assignments of error.  The petition was subsequently refused by the court. Petitioner's three alleged assignments of error would have been exhausted if he presented the same claims to this Court.  However, Petitioner did not present the same three issues to this Court because he reworded the federal habeas petition to create constitutional claims.  Petitioner has not raised the same claims in his federal habeas petition that he raised on direct appeal.  Accordingly, the claims raised in his direct appeal are not exhausted.

Petitioner filed a state petition for a writ of habeas corpus; however, this Court was not provided with a copy of Petitioner's petition.  Although the Court is not certain of the Petitioner's claim in that petition, a review of the docket sheet for the Circuit Court of Marion County reveals that his petition is still pending. Because the Circuit Court of Marion County has not yet issued a decision on the merits of Petitioner's claim, the court has not had a full and fair opportunity to rule on Petitioner's claims.  Accordingly, the claims alleged in Petitioner's state petition for a writ of habeas corpus, whatever they may be, have not been exhausted.

Petitioner filed a second petition for habeas corpus relief directly with the West

Virginia Supreme Court, and the court refused the petition. Rule 16 of the West Virginia Rules of Appellate Procedure covers "original jurisdiction," including petitions for habeas corpus. Rule 16(j) of the West Virginia Rules of Appellate Procedures governs rules to show cause and provides:

> If the Supreme Court declines to issue a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Supreme Court specifically notes in te order denying a rule to show cause that the denial is with prejudice. An order declining to issue a rule to show cause does not prevent the petitioner from pursuing the same issues on appeal following a final order in the lower court.

Importantly, the West Virginia Supreme Court did not refuse the petition with prejudice. Therefore, Petitioner may pursue further relief before an appropriate West Virginia Circuit Court. As a result, his claims are not exhausted as Petitioner has additional procedures available to raise his claims in state court.

Petitioner objected to Judge Seibert's R & R on the basis that at least some of his state claims were exhausted. However, after a *de novo* review, the Court finds that none of Petitioner's claims are exhausted as he still has available remedies in State court. Therefore, Petitioner's Objection regarding exhaustion is **OVERRULED**.

### B.     Motion to Dismiss Standard

Petitioner argues that "the Magistrate Judge entered an order directing the Respondent to answer the petition. Therefore, the Court's order requiring Respondent Ballard to file an answer was issued only after the Court had fulfilled its Rule 4 obligation. Therefore, petitioner respectfully requests this Court to find that since the Respondent has

premised his motion to dismiss on Rule 12(b)(6), the Respondent's motion is redundant in that it essentially asks the Court to conduct a pleading examination already complete."

Habeas Rule 4 does not require a respondent to proceed with an answer to the exclusion of an initial response by motion, for the rule explicitly provides: "If the petition is not dismissed [upon initial review by the court] the judge must order the respondent to file an answer, a motion or other response . . . ." A court that orders the dismissal of a petition pursuant to Rule 12(b)(6) does not act inconsistent with Rule 4. See also **Moore v. Okuley**, 2010 WL 1995828 (D. Alaska May 14, 2010) (holding that summary disposition of a petition is not inconsistent with Habeas Rule 4).

Accordingly, the Court has found that Petitioner failed to exhaust his state court remedies and dismissal of the petition pursuant to Rule 12(b)(6) is proper.

## V. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 45]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Petitioner's Objections **[Doc. 48]** are **OVERRULED**. It is further ordered that the Respondent's Motion to Dismiss Petitioner's § 2254 petition **[Doc. 39]** be **GRANTED**, and Petitioner's § 2254 petition be **DENIED and DISMISSED without prejudice** to the Petitioner's right to renew the same following the proper exhaustion of state remedies.

As a final matter, because this Court has dismissed the petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the

petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" ***Rose v. Lee***, 252 F.3d 676, 684 (4th Cir. 2001) (quoting ***Slack v. McDaniel***, 529 U.S. 473, 484 (2000)). Upon an independent review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, this Court hereby **DENIES** a certificate of appealability.  *See* **28 U.S.C. § 2253(c)(2)**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 8, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE